IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, | ) | CIVIL NO. 19-00448 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER (1) DISMISSING COMPLAINT |
| | ) | AND (2) GRANTING IFP REQUEST |
| vs. | ) | |
| | ) | |
| LANCE MARKS; RANDY | ) | |
| ESPERANZA; COUNTY OF MAUI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

<u>ORDER (1) DISMISSING COMPLAINT AND (2) GRANTING IFP REQUEST</u>

Before the Court is Plaintiff Chris Grindling's ("Plaintiff") (1) request to proceed in forma pauperis ("IFP Request"), filed August 19, 2019. For the reasons set forth below, the Court DISMISSES the Complaint and GRANTS the IFP Request.

<u>BACKGROUND</u>

In the Complaint, Plaintiff alleges that he was "denied due process false imprisonment conspiracy negligent infliction of emotional distress abuse of process." ECF No. 1 at 1. As best the Court can discern, this action concerns events dating back to 2006[1] and arises out of the execution of a search warrant at

---

[1] Plaintiff also references 9-year prison term and asserts that Defendant County of Maui has spent 13 years trying to keep him convicted. ECF No. 1 at 3.

Plaintiff's residence, the purported planting of evidence, and state court Judge

Raffetto's refusal to allow Cheyanne Gomes to testify at trial.  *Id.* at 1-3.  Plaintiff

further alleges that he was tortured, starved, placed in solitary confinement, and

subjected to repeated strip searches.  *Id.* at 3.

## DISCUSSION

### A. Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis.  A court may deny

leave to proceed in forma pauperis at the outset and dismiss the complaint if it

appears from the face of the proposed complaint that the action:  (1) is frivolous or

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

monetary relief against a defendant who is immune from such relief.  28 U.S.C.

§ 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th

Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).  When

evaluating whether a complaint fails to state a viable claim for screening purposes,

the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard

as it does in the context of an FRCP 12(b)(6) motion to dismiss.  *See Wilhelm v.

Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the

court's jurisdiction" and "a short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)-(2).  Although the Federal

Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the Complaint fails to state a claim upon which relief can be granted. Plaintiff complains about events that occurred approximately 13 years

ago, which would be barred by the applicable statute of limitations. Even those allegations occurring more recently within the 13-year period are likely time barred. The Court cannot ascertain whether this action is timely due to Plaintiff's rambling and conclusory allegations, which do not include specific dates on which Defendants purportedly violated Plaintiff's rights. Moreover, Plaintiff has not provided facts or law explaining how Defendants are responsible for causing harm with respect to each cause of action identified in the first paragraph of his Complaint. Indeed, Plaintiff has not even set forth the elements of his causes of action.

In light of the Complaint's deficiencies and failure to state a claim upon which relief can be granted, it is hereby dismissed. Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted) ("If a pro se complaint is dismissed for failure to state a

claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts.").

Despite the likelihood that Plaintiff's claims are time barred, the Court acknowledges that Plaintiff is proceeding pro se and that certain deficiencies could potentially be cured by amendment. Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend his Complaint. Any amended complaint—which should be titled "First Amended Complaint"— must be filed by **September 27, 2019** and must cure the deficiencies identified above; that is, Plaintiff must provide sufficient facts and law and should comply with all rules governing pleadings. Plaintiff must include applicable dates in any amended pleading. Failure to timely file an amended pleading will result in the automatic dismissal of this action.

B. IFP Request

Plaintiff submitted his IFP Request in a paragraph within his Complaint. In the future, Plaintiff will be expected to utilize the Court's form application.

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d

1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'"  *Id.* (citation omitted).

Plaintiff's representation that he owns nothing of value, he is unemployed, he has no source of income, and he has $200.00 in a savings account sufficiently demonstrates entitlement to proceed in forma pauperis.  The Court therefore GRANTS his IFP Request.

## CONCLUSION

In accordance with the foregoing, Court:  (1) DISMISSES the Complaint with leave to amend and (2) GRANTS Plaintiff's IFP Request.

If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1)  Plaintiff's deadline to file an amended complaint is **September 27, 2019**;

(2)  Plaintiff's amended complaint should be titled "First Amended Complaint"; and

(3)  Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, August 28, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00448 JAO-KJM; *Grindling v. Marks, et al.*; ORDER (1) DISMISSING COMPLAINT AND (2) GRANTING IFP REQUEST