IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING,<br><br>    Plaintiff,<br><br>  vs.<br><br>LANCE MARKS; RANDY ESPERANZA; COUNTY OF MAUI,<br><br>    Defendants. | CIVIL NO. 19-00448 JAO-KJM<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT |

ORDER DISMISSING FIRST AMENDED COMPLAINT

Before the Court is Plaintiff Chris Grindling's ("Plaintiff") First Amended Complaint ("FAC"), filed September 5, 2019.  For the reasons set forth below, the Court DISMISSES the FAC with leave to amend.

BACKGROUND

Plaintiff commenced this action on August 19, 2019.  On August 28, 2019, the Court issued an Order (1) Dismissing Complaint and (2) Granting IFP Request.  ECF No. 4.  The Court dismissed Plaintiff's Complaint because it failed to state a claim upon which relief could be granted.  *Id.* at 3.  Based on Plaintiff's limited allegations about events occurring 13 years ago, the Court could not ascertain whether his claims are timely.  *Id.* at 3-4.  In addition, Plaintiff failed to provide facts or law explaining how Defendants are responsible for causing the alleged

violations. *Id.* at 4. The Court granted Plaintiff until September 27, 2019 to file an amended complaint.

## DISCUSSION

The Court must screen the FAC pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff is proceeding in forma pauperis ("IFP"). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding that § 1915(e)(2)(B)'s screening requirements apply to non-prisoners proceeding or seeking to proceed IFP). The Court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *Lopez v. Smith*, 203 F.3d 1122, 1126 27 (9th Cir. 2000) (en banc).

When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of a Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*,

733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

In the present case, even construing Plaintiff's FAC liberally, the Court finds that dismissal is appropriate because Plaintiff still fails to state a claim upon which relief can be granted.[1] Plaintiff continues to complain about events that occurred approximately 13 years ago. ECF No. 5 at 1-2. He claims that the conviction that is the subject of this action was overturned in July 2016 and that in August 2019, the prosecutors declined to re-prosecute him and Judge Cahill dismissed charges against him. *Id.* at 5. Plaintiff also asserts, in conclusory fashion, that his claims are timely because the two-year statute of limitations started on the date his case was dismissed. *Id.* While the addition of factual information provides some clarity, the allegations are still deficient because they do not explain what state case is at issue and how his conviction was overturned.

As before, Plaintiff has not provided facts or law explaining how Defendants are responsible for causing harm with respect to each cause of action identified in the first paragraph of his FAC. Indeed, most of his allegations are identical to those presented in the Complaint. The added content is rambling and incoherent, in violation of FRCP 8, and Plaintiff's failure to use proper capitalization or punctuation further impairs the Court's ability to identify and comprehend his allegations.

---

[1] The FAC includes three typewritten pages that appear to be taken from portions of Plaintiff's filings from other proceedings. ECF No. 5 at 3-4, 6.

Given the FAC's deficiencies and failure to state a claim upon which relief can be granted, it is hereby dismissed.  Because it is still possible that Plaintiff could cure these deficiencies, he is granted leave to amend.  Plaintiff is cautioned that this is his final opportunity to amend his pleading.

Any amended complaint—which should be titled "Second Amended Complaint"—must be filed by **October 18, 2019** and must cure the deficiencies identified above; that is, Plaintiff must provide sufficient facts and law and should comply with all rules governing pleadings, including but not limited to FRCP 8(a)(2)'s requirement that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and FRCP 10(b)'s requirement that a plaintiff "must state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Failure to timely file an amended pleading will result in the automatic dismissal of this action.   Failure to comply with this Order in any respect may also result in the dismissal of this action.

## CONCLUSION

In accordance with the foregoing, Court DISMISSES the FAC.  If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1)  Plaintiff's deadline to file an amended complaint is **October 18, 2019**;

(2)  Plaintiff's amended complaint should be titled "Second Amended Complaint"; and

(3)  Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that this is his final opportunity to correct the above identified deficiencies.  If Plaintiff files a Second Amended Complaint that fails to state a claim and comply with this Order, it will be dismissed.  Plaintiff is further cautioned that his failure to timely file a Second Amended Complaint that conforms with this Order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, September 18, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00448 JAO-KJM; *Grindling v. Marks, et al.*; ORDER DISMISSING FIRST AMENDED COMPLAINT